## Armstrong Township Tax Collector Election

*Robert J. Wollett,* for petitioners.

*Ambrose R. Campana,* for respondent.

PER CURIAM, December 26, 1961.—Twenty-four registered electors of the Township of Armstrong, Lycoming County, have petitioned the court asking that it declare null and void the election of Mildred Fagles as tax collector of Armstrong Township. The basis of the petition is that Mrs. Fagles sat as minor-

ity inspector at the recent election in Armstrong Township, and, at the same time, ran as tax collector for said township and assisted in managing the affairs of the polling place at the time of her election, as well as the counting of the votes. Mrs. Fagles received 80 votes. Her nearest contender received 76 votes. It has been agreed that the facts are as declared in the petition.

We are first confronted with the preliminary objection. Mrs. Fagles contends that the petition nowhere sets forth wherein the election was illegal, and that the count of the ballots shows that she was elected by a majority of four votes. We fail to agree with this argument. The sole contention of the petitioners is that Mrs. Fagles was ineligible to run for tax collector while serving as minority inspector. Section 402 of article 4 of the Act of June 3, 1937, P. L. 1333, (25 PS §2672), reads as follows: ". . . nor shall any election officer be eligible to any civil office to be voted for at any primary or election at which he shall serve, except that of an election officer." Mrs. Fagles serving as an election officer was not eligible for the office of tax collector, and we must declare her election as to tax collector in Armstrong Township void.

Respondent argues that the complainants have chosen the wrong remedy. We are of the opinion that the right remedy has been chosen. The electors petition under the Act of June 3, 1937, P. L. 1333, as amended, commonly known as the Election Code. Sections 1751, 1756 and other parts of this act provide for such contests. In certain instances, the court is allowed to open the ballot boxes and recount the votes. Because such is unnecessary in this instance is no reason why the remedy is improper. See comment in Gunnett v. Trout, 380 Pa. 504.

We have to conclude that the election of Mrs. Fagles is invalid. We recommend that the supervisors of

Armstrong Township petition the court for the filling of the vacancy created by the invalid election.

### Order

And now, December 26, 1961, it is ordered and decreed that the election of Mildred Fagles on November 7, 1961, is invalid and void. The commissioners of Lycoming County, the election board for the county, are directed to show on the records of the County Election Board a vacancy insofar as the election of November 7, 1961, as to tax collector of Armstrong Township is concerned.